Judge Owsley
delivered the opinion of the court.
This case involves an enquiry into the propriety' of the decision of the county court in appointing commissioners, upon the motion of the appellee, to assign her dower in the lands of which her deceased husband died possessed.
Her application was opposed by the appellant, upon the ground of her husband having, by a provision in hie last will, devised to her part of bis estate — but to remove any objections on that ground, she introduced and proved by two witnesses a deed, sealed and delivered according to law, renouncing all interest under the will. Whereupon the appellant enquired of a witness whether or not the ap-pellee, at the time of executing the deed of renunciation, was pf sound mind or capable of any deliberate act; but the court being of opinion that the evidence was incompetent, rejected the enquiry.
Whether, therefore, the evidence should have been admitted, is the only question for decision in this case.
As the will purports to give to the widow no interest in the lands of her deceased husband, it might be a question whether, under any circumstances, her abiding by the will could bar her right to dower in the lands.
But without deciding what would otherwise have been the effect of the will, we have no doubt, but that after renouncing her interest under it, whatever may Have been Iicf incapacity, she cannot be prevented from asserting her claim-of dower.
The deed of renunciation, as she would not be permitted to stultify herself, is unquestionably binding upon her, and as she would not be allowed thereafter to assert claim to- *563 tie property given her by the will, upon no principle of propriety or law, should any other be permitted, by'the in-traduction of evidence of her incapacity, to defeat her recovery of dower.
Bibb for appellant. Pope contra.
A widow TeedThe provision made for be» ⅛ dower, will not be per-gftV(er when she executed t!,e deed ^ nor wil[ ¿ s'ranger be permitted to quest™ that
In no instance is the right óf dowei barred, by reason of any provision contained in a will, but upon the intendment of its having been received in satisfaction of dower, but as after a renunciation of the provisions of a will by deed binding upon the widow, such an intendment is not to be indulged, it is plain, that the circumstance of a provision having been made by the will cannot, in such a case, pre-elude the widow from asserting her claim to dower.
We are of opinion, therefore, that as the evidence was not calculated to shew the deed not to be binding upon the appellee, it was properly rejected by the county court.
With respect to the other error assigned, as it is predicated upon a misconception of the facts in the record, it need not be specially noticed.
The judgment must be affirmed with cost.